# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the Holders of Harborview 2005-14 Trust,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC SUNSET VILLAGE HOMEOWNERS ASSOCIATION, *et al*.,<br><br>Defendants. | Case No. 2:16-cv-02174-KJD-NJK<br><br>ORDER |

Presently before the Court is Defendants Saticoy Bay, LLC Series 2995 E. Sunset Road Unit 103's and 2995 E. Sunset Rd. Un. 103 Trust's Motion for Summary Judgment (#62). Plaintiff ("Deutsche Bank") filed a response in opposition (#70) to which Defendants replied (#73).

Also, before the Court is Plaintiff Deutsche Bank's Motion for Summary Judgment (#63). Defendant Pacific Sunset Village Homeowners Association ("Pacific Sunset") filed a response in opposition (#64). Defendants Saticoy Bay, LLC Series 2995 E. Sunset Road Unit 103 ("Saticoy Bay") and 2995 E. Sunset Rd. Un. 103 Trust ("the Trust") also filed a response in opposition (#65). Plaintiff replied (#69/71).

I. Facts

On or about May 3, 2005, Lisa Galanti purchased property located at 2995 East Sunset Road #103, Las Vegas, Nevada 89120 ("the Property"). This purchase was made by way of a loan in the amount of $168,000.00 evidenced by a note and secured by a deed of trust ("senior deed of trust"), which was recorded on May 23, 2005. The senior deed of trust was eventually assigned to Deutsche Bank. The Property was subject to Pacific Sunset's Declaration of

Covenants, Conditions and Restrictions and Reservation of Easements ("the CC&Rs") which required payment of assessments.

On March 27, 2012, Pacific Sunset Village Homeowners' Association, through its agent, Nevada Association Services, Inc. ("NAS"), recorded a notice of delinquent assessment lien. The notice indicated that the amount owed to PACIFIC SUNSET was $1,943.50, which includes late fees, collection fees and interest in the amount of $843.50.

On May 10, 2012, Pacific Sunset, through its agent NAS, recorded a notice of default and election to sell to satisfy the delinquent assessment lien in the amount of $3,179.50. The notice did not specify the superpriority amount claimed by Pacific Sunset. Thereafter, on January 9, 2013, Pacific Sunset through its agent NAS, recorded a notice of trustee's sale, which was scheduled for February 1, 2013. The notice stated that the amount due to Pacific Sunset was $5,077.67 but did not identify the superpriority amount claimed by Pacific Sunset.

On June 13, 2012, Bank of America, N.A., the servicer of the loan at the time, requested a ledger from Pacific Sunset, through the HOA's agent NAS, to identify the superpriority amount allegedly owed to Pacific Sunset and offered to pay that amount. Pacific Sunset did not provide a payoff amount. On January 9, 2013, NAS recorded a notice of foreclosure sale. Foreclosure sale was conducted on February 1, 2013. The Trust purchased the Property at the sale for $5,790.00. On June 25, 2014, the Property was sold to Saticoy Bay. Deutsche Bank then filed the present action on September 14, 2016. The parties have each filed summary judgment seeking a declaration as to whether Pacific Sunset's foreclosure extinguished Deutsche Bank's lien or whether Saticoy Bay's predecessor in interest, the Trust, purchased the property subject to the lien. Defendants have also moved to dismiss this action based on the statute of limitations.

II. Standard for Summary Judgment

The purpose of summary judgment is to avoid unnecessary trials by disposing of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986); Nw. Motorcycle Ass'n v. U.S. Dept. of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). It is available only where the absence of material fact allows the Court to rule as a matter of law. Fed. R. Civ. P. 56(a); Celotex, 477 U.S. at 322. Rule 56 outlines a burden shifting approach to summary

1 judgment. First, the moving party must demonstrate the absence of a genuine issue of material
2 fact. The burden then shifts to the nonmoving party to produce specific evidence of a genuine
3 factual dispute for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587
4 (1986). A genuine issue of fact exists where the evidence could allow "a reasonable jury [to]
5 return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
6 (1986). The Court views the evidence and draws all available inferences in the light most
7 favorable to the nonmoving party. Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d
8 1100, 1103 (9th Cir. 1986). Yet, to survive summary judgment, the nonmoving party must show
9 more than "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

III. Analysis

Plaintiff has filed for summary judgment on its claims and the opposing parties have filed for summary judgment on the claims against them. For the reasons stated below, the Court finds that Deutsche Bank's deed of trust was extinguished by Pacific Sunset's foreclosure of its superpriority lien. Therefore, Deutsche Bank's motion for summary judgment is denied and Defendants' motions for summary judgment are granted.

A. Statute of Limitations

Before reaching the merits of Deutsche Bank's motion, Saticoy Bay and Pacific Sunset urge the Court to deny this action as untimely. Defendants argue that Deutsche Bank's quiet title and declaratory relief claims are subject to a three-year statute of limitations, which began accrual at the time Pacific Sunset foreclosed— February 1, 2013. If a three-year statute of limitations applies, the bank had until February 1, 2016 to bring its claims. Deutsche Bank filed its complaint on September 14, 2016. Accordingly, Defendants argue that Deutsche Bank's claims are time-barred. The crux of Defendants' argument is that Deutsche Bank's claims are not true quiet title claims because the bank never actually held title in the property. The bank is actually bringing an action to enforce rights regarding satisfaction of a superpriority lien which is a right created by statute. According to NRS § 11.190, the applicable statute of limitations for liability created under statute is three years. NRS § 11.090(3)(a). Defendants, therefore, claim that Deutsche Bank's claims are time-barred.

Defendants are incorrect. Admittedly, courts in this district disagree on the appropriate statute of limitations for this type of claim. Deutsche Bank does not allege that it ever held title. Rather, the bank uses the quiet title claim as a vehicle to assert the validity of its preexisting interest in the Property. Despite the district's split, no Court has found that a three-year statute of limitations is appropriate for these claims. They disagree whether a four-year or a five-year limitations period applies. [1] The disagreement boils down to whether a claim in the context of a nonjudicial foreclosure constitutes a claim to *recover* property under NRS § 11.080.[2] If so, a five-year limitations period applies. Both the Ninth Circuit and the Nevada Supreme Court have applied a five-year statute of limitations to these actions. See Weeping Hollow Ave. Tr. v. Spencer, 831 F.3d 1110, 1114 (9th Cir. 2016 ) (party may bring claim challenging the HOA foreclosure within five years of the sale); Las Vegas Dev. Grp., LLC v. Blaha, 416 P.3d 233, 237 (Nev. 2018) (a claim "seeking to quiet title . . . is governed by NRS § 11.080, which provides for a five-year statute of limitations").

Nevertheless, a minority of courts have determined that § 11.080 does not apply to this type of quiet title claim because the bank or lender never actually held title—nor do these banks claim to have ever held title. See U.S. Bank, N.A. v. SFR Invs. Pool 1, LLC, 376 F.Supp.3d 1085, 1089–91 (D. Nev. 2019). Those courts have found that NRS § 11.220's so-called "catch-all" provision imposes a four-year statute of limitations because the bank cannot recover property to which it never held title. See NRS § 11.220 (where the Nevada Revised Statutes are silent regarding a statute of limitations, a four-year period applies).

---

[1] Compare Bank of New York Mellon v. Khosh, No. 2:17-cv-0957-MMD-PAL, 2019 WL 2305146 (D. Nev. May 30, 2019) (applying five-year statute of limitations to quiet title claim under NRS § 11.070); Newlands Asset Holding Tr. v. SFR Invs. Pool 1, LLC, No 3:17-cv-0370-LRH-WGC, 2017 WL 5559956 (D. Nev. Nov. 17, 2017) (same); Nationstar Mortg., LLC v. Falls at Hidden Canyon Homeowners Ass'n, No. 2:15-cv-1287-RCJ-NJK (D. Nev. June 14, 2017) (same); HSBC Bank USA, N.A. v. Green Valley Pecos Homeowners Ass'n, Inc., No. 2:16-cv-0242-JCM-GWF, 2017 WL 937723 (D. Nev. Mar. 9, 2017) (same) with U.S. Bank v. SFR Invs. Pool 1, LLC, --- F.Supp.3d ---, 2019 WL 1383265 (D. Nev. Mar. 27, 2019) (applying four-year catchall provision under NRS § 11.220); Nationstar Mortg., LLC v. Safari Homeowners Ass'n, No. 2:16-cv-0542-RFB-CWH, 2019 WL 121960 (D. Nev. Jan. 6, 2019) (same); Bank of America, N.A. v. Country Garden Owners Ass'n, No. 2:17-cv-1850-APG-CWH, 2018 WL 1336721 (D. Nev. Mar. 14, 2018).

[2] "No action for the recovery of real property, or for the recovery of the possession thereof other than mining claims, shall be maintained, unless it appears that the plaintiff or the plaintiff's ancestor, predecessor or grantor was seized or possessed of the premises in question, within five years before the commencement thereof."

In any event, the Court need not resolve this dispute here. Deutsche Bank's claims are timely under either § 11.220's four-year catch-all provision or § 11.080's five-year period for recovery of real property. At the latest, Deutsche Bank's claims began accrual on February 1, 2013, when NAS recorded the trustee's deed upon sale. See G & H Assocs. v. Ernest W. Hahn, Inc., 934 P.2d 229, 233 (Nev. 1997) (accrual begins when the plaintiff first knew or should have known of the injury). Deutsche Bank brought this suit in September of 2016—less than four years from the date of accrual. Therefore, the Court need not definitively decide whether Deutsche Bank's quiet title claim is subject to a four-year or five-year statute of limitations because its claim is timely under either. Therefore, Defendants' motions for summary judgment based on application of the statute of limitations are denied.

### B. Foreclosure of the Superpriority Lien

#### 1. Tender

Deutsche Bank contends that its attempt to ascertain and pay the superpriority amount of Pacific Sunset's lien constituted valid tender and preserved its deed of trust. The Nevada Supreme Court has addressed whether valid tender preserves a lender's deed of trust in a series of recent cases. In Bank of America, N.A. v. SFR Invs. Pool 1, LLC, the Court definitively held that a lender's valid tender prior to the association's foreclosure preserves the lender's first deed of trust. 427 P.3d 113, 118 (Nev. 2018) ("Diamond Spur"). Tender is valid if (1) it pays the entire superpriority lien (id. at 117) and (2) it is unconditional or insists only on conditions the tendering party has a right to insist upon (id. at 118). The tendering party is under no obligation to "keep [the tender] good" or deposit the tender into an escrow or court-established account. Id. at 120–21. At bottom, valid tender voids the association's foreclosure of the superpriority portion of the association's lien, which results in the buyer taking the property subject to the lender's first deed of trust. Id. at 121.

Then, in Bank of America, N.A. v. Thomas Jessup, LLC Series VII, the Nevada Supreme Court reaffirmed the tender rule and carved out an exception where an association makes clear that it will reject tender. 435 P.3d 1217 (Nev. 2019). Thus, a lender can preserve its deed of trust against an association's foreclosure by calculating the superpriority balance and

tendering payment for that amount. Diamond Spur, 427 P.3d at 117. Or, even if money never changes hands, the lender's deed of trust survives foreclosure if it attempted to tender payment, but the association rejects that payment. Thomas Jessup, 435 P.3d at 1220. This Court has adopted the Nevada Supreme Court's reasoning. See RH Kids, LLC v. MTC Fin., 367 F.Supp.3d 1179, 1185–86 (D. Nev. 2019); Deutsche Bank Nat'l Tr. Co. v. SFR Invs. Pool 1, LLC, No. 2:17-cv-0457-KJD-GWF, 2018 WL 5019376 (D. Nev. Oct. 16, 2018).

However, in the present action, Deutsche Bank has made no showing that it tendered the superpriority portion of the lien. Instead, Deutsche Bank asserts that the undisputed facts show that Pacific Sunset and/or NAS obstructed their attempt to ascertain the superpriority amount. However, Deutsche Bank admits or has no evidence that it did anything other than have Miles Bauer send a letter seeking the superpriority amount. There is no evidence of any actual attempt at tender. Deutsche Bank did not calculate the superpriority amount and send a check. Additionally, there was no clear communication by NAS or Pacific Sunset that tender would be rejected if made. See Jessup, 435 P.3d at 1217, 1220. Further there is no clear connection between the testimony offered by Deutsche Bank from other cases involving other parties to the parties involved in this action. There is no case cited where sufficient tender was found by merely offering to pay the amount but failing to do so, without more. See, e.g., See RH Kids, 367 F.Supp.3d 1179, 1185–86 (D. Nev. 2019); Bank of America, N.A. v. Sagecreek Homeowners Assoc., 2019 WL 3325805 *4 (D. Nev. 2019) (only reasonable construction of agent's letter to bank stating that HOA did not believe that it had to provide an account ledger in the absence of lender foreclosure was that it would reject any tender). In the absence of a valid tender, the Court denies Plaintiff's motion for summary judgment on this claim and grants Defendants' motions. The foreclosure sale extinguished Plaintiff's lien.

### 2. Constitutionality of NRS § 116

As an alternative argument, Deutsche Bank argues that NRS § 116 is unconstitutional on its face and as applied under the facts of this case.

### a. NRS § 116 is Facially Constitutional and was Applied Constitutionally Here Because Deutsche Bank Received Adequate Notice of the HOA-Foreclosure Sale

First, the Court must determine whether and to what extent the Ninth Circuit's determination in <u>Bourne Valley Court Trust v. Wells Fargo Bank, N.A.</u> binds its decision in this case. 832 F.3d 1154 (2016). The parties' dispute arises out of the disagreement between the Ninth Circuit and Nevada Supreme Court regarding the facial constitutionality of the so-called "opt-in" notice provision of NRS § 116.3116(2). <u>See id.</u> at 1158. The Nevada Supreme Court has since considered—and rejected—the Ninth Circuit's reasoning in <u>Bourne Valley</u>. <u>SFR Inv. Pool 1, LLC v. Bank of New York Mellon</u>, 422 P.3d 1248 (Nev. 2018) ("<u>SFR 2</u>").

#### 1. Given the Nevada Supreme Court's Contrary Decision, Bourne Valley's Determination that NRS § 116 is Facially Unconstitutional No Longer Binds This Court

The Ninth Circuit's holding in <u>Bourne Valley</u> hinges on two important points: state action and an impermissible "opt-in" notice scheme. <u>Bourne Valley</u>, 832 F.3d at 1158, 1160. Related to state action, the Court found that NRS § 116's superpriority-lien scheme so degraded a lender's property interest that the passing of the statute itself constituted state action. <u>Id.</u> at 1160. In other words, there was state action because but for the enactment of the statute, a bank would have a fully secured interest in a property. <u>Id.</u>

As for notice, the Court determined that that NRS § 116.3116(2) created an unconstitutional "opt-in" scheme that provided notice only to those parties who asked for it—parties that may not have known that their deed of trust was at risk. <u>Id.</u> at 1158. Reaching this conclusion, the Court rejected the argument that NRS § 116 incorporated NRS § 107.090, which required notice to other parties whose deeds of trust could be extinguished by the HOA's superpriority lien. <u>Id.</u> at 1159 (citing NRS § 107.090(3)(b)) (requiring notice by registered or certified mail to every entity "with an interest or claimed interest . . . subordinate to the deed of trust"). Incorporation would cure the "opt-in" notice deficiency but would also "render the express notice provisions of [NRS §] 116 entirely superfluous. <u>Id.</u> Having found state action and an impermissible "opt-in" notice scheme, the Court declared § 116 facially unconstitutional.

The Nevada Supreme Court disagreed. After Bourne Valley, another Court in this district certified a question to the Nevada Supreme Court seeking clarification whether incorporation of NRS § 107.090 required an HOA to provide notice of default or notices of sale to subordinate entities even when those entities did not request notice. SFR 2, 422 P.3d at 1250. The Nevada Supreme Court broke from the Ninth Circuit and determined that NRS § 116 indeed incorporated the notice provisions in NRS § 170.090. Id. at 1253. In fact, the Nevada Supreme Court considered the Ninth Circuit's position and expressly "decline[d] to follow the majority holding in Bourne Valley." Id. By incorporating § 107.090, the Nevada Supreme Court eliminated the "opt-in" notice scheme rendering the statute facially constitutional. Finding no constitutional deprivation, the Court did not reach the question of state action.

In light of SFR 2, Bourne Valley is no longer binding on this Court so far as it relates to the facial constitutionality of NRS § 116. A state's highest court has the final word on the interpretation of state law. Gurley v. Rhoden, 421 U.S. 200, 208 (1975). Thus, Bourne Valley's interpretation of NRS § 116 was only binding absent the Nevada Supreme Court's contrary finding. Owen v. United States, 713 F.2d 1461, 1464 (9th Cir. 1983); Miller v. Gammie, 335 F.3d 889, 892–93 (9th Cir. 2003) ("where the reasoning or theory of . . . prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority, [the Court] should consider itself bound by the later controlling authority").

Bourne Valley's holding that NRS § 116 is facially unconstitutional is irreconcilable with the Nevada Supreme Court's holding in SFR 2. Therefore, inasmuch as Deutsche Bank argues that Bourne Valley controls the facial constitutionality of § 116, the Court rejects that argument.

### b. The Notice Required Under NRS § 107.090 Is Constitutionally Adequate Because It Alerted Deutsche Bank to the Foreclosure Action and Gave the Bank an Opportunity to Object

Deutsche Bank next argues that, despite the incorporation of NRS § 107.090, NRS § 116 is still unconstitutional because the notice it required is constitutionally deficient. The argument is two-fold. First, Deutsche Bank argues that Bourne Valley correctly determined that Nevada's implementation of NRS § 116 constitutes state action for purposes of

its due process claim, a claim that the Nevada Supreme Court has not addressed. It contends that Bourne Valley's state-action decision survived SFR 2 because whether legislative enactment constitutes state action is a purely federal question. Second, the bank argues that § 116's notice requirements as incorporated did not sufficiently warn lenders that their property interests were at stake. Because the Court finds that Deutsche Bank received constitutionally adequate notice, it need not determine whether enactment of NRS § 116 constituted state action. Accordingly, the Court turns to § 107.090's notice provision.

Section 107.090 requires the HOA—through its trustee or agent—to provide notice of default (1) to each person who has requested it and (2) to each person with an interest subordinate to the HOA's deed of trust. NRS § 170.090(3)(a)–(b). The statute ensures that a lender or other lien holder receives notice if they stand to lose their interest due to the HOA foreclosure. Here, the HOA recorded at least one notice of default, and the bank does not dispute that it received notice. On May 10, 2012, HOA-trustee NAS recorded a Notice of Default and Election to Sell. In capital letters the notice warned that failure to pay the delinquent balance could cause the homeowner to lose their home. Id. Next, NAS recorded a Notice of Trustee's Sale on January 9, 2013, which warned of an impending foreclosure sale unless the parties satisfied the delinquent HOA assessments.

Deutsche Bank argues that those two recorded notices were insufficient to alert the bank that its deed of trust was at risk for two reasons. First, the bank contends the notice was insufficient because it did not reveal the existence of a superpriority lien that threatened to extinguish all other liens And second, the bank argues the notices were insufficient because they did not adequately instruct the bank how to protect its deed of trust from being extinguished.

Due process requires notice that is "reasonably calculated" to alert interested parties to the action against them and provide them an opportunity to object. Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). However, due process does not require actual notice of an impending action. Jones v. Flowers, 547 U.S. 220, 226 (2006). Rather, the provided notice must be "reasonably certain" to inform the other party of the pendency of the action. Nozzi v. Housing Auth. of City of Los Angeles, 806 F.3d 1178, 1194 (9th Cir. 2015) (citing Mullane, 339

U.S. at 314).

Here, the HOA trustee provided notices that adequately informed Deutsche Bank that the HOA intended to foreclose on the Property. In tandem, NRS § 116 also put the bank on notice that the HOA's foreclosure could extinguish its interest in the property. The notice's failure to explicitly inform a lender that its deed of trust is at risk does not render that notice insufficient. It is now settled law in Nevada that a properly conducted non-judicial foreclosure creates a superpriority lien in favor of the HOA, which can extinguish all other deeds of trust. See SFR Invs. Pool 1, LLC v. U.S. Bank, 334 P.3d 408, 409 (Nev. 2014). While § 116's effect on deeds of trust may have been less clear at the time of this foreclosure, the statute nonetheless provided the potential for a lender's deed of trust to be extinguished by HOA foreclosure. The HOA's notices need not articulate points of law that were available to each lienholder in the Nevada Revised Statutes. Nationstar Mortg., LLC v. Amber Hills II Homeowner's Assn., No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *7 (D. Nev. Mar. 31, 2016) ("The fact that a notice does not identify a superpriority amount is of no consequence because [NRS § 116] gives lienholders notice that the HOA may have a superpriority interest that could extinguish their security interests").

Instead, the notices only needed to provide information that would reasonably warn other lienholders of some action that could affect their property interests. These notices did just that. Both the Notice of Default and Election to Sell and the Notice of Sale made clear that the HOA was attempting to satisfy the delinquent assessment balance through a foreclosure sale. Those notices, together with NRS § 116's creation of a superpriority lien, provided sufficient notice to Deutsche Bank that its deed of trust risked being extinguished and gave the bank enough information to challenge the foreclosure.

Deutsche Bank's next argument—that the HOA's failure to instruct the bank how to cure the superpriority lien rendered the notice unconstitutional—is also unavailing because the HOA need not provide the bank the tools to protect its interest. Due process does not require "an exhaustive guidebook to preserving one's interest." Bank of New York Mellon v. Log Cabin Manor, ---F.Supp.3d---, No. 2:15-cv-2026-MMD-CWH, 2019 WL 302489, at *4 (D. Nev. Jan.

23, 2019). It requires notice of the "pendency of the action." Mullane, 339 U.S. at 314. Notices such as these, that provide the date and time of the imminent foreclosure provided the bank with the information needed to appear and object. Accordingly, the Court finds that NRS § 116.3116's notice scheme was constitutionally adequate. The Court denies Plaintiff Deutsche Bank's motion for summary judgment on this issue.

### 3. Equitable Relief under Shadow Canyon

Next, Deutsche Bank argues that even if NRS § 116 is constitutional, the Court should nevertheless unwind or set aside the HOA foreclosure because it was tainted by unfairness and oppression. The Court may equitably set aside a foreclosure where evidence of fraud, unfairness, or oppression accompanies a grossly inadequate sales price. Nationstar Mortg., LLC v. Saticoy Bay, LLC Series 2227 Shadow Canyon, 405 P.3d 641 (Nev. 2017) ("Shadow Canyon"); Golden v. Tomiyasu, 387 P.2d 989 (Nev. 1963). Shadow Canyon reinforced that a grossly inadequate sales price is not enough to set aside a foreclosure sale. 405 P.3d at 647. The threshold question thus becomes whether there is evidence of fraud, unfairness, or oppression in the HOA sale. If so, the Court then determines whether the sale price was grossly inadequate. If the Court answers both questions affirmatively, it may equitably unwind or reform the foreclosure sale. See id.

Deutsche Bank argues that a clause requiring judicial foreclosure of an HOA lien in the HOA's CC&Rs and the fact that NAS took the position in other litigation that the HOA superpriority lien did not attach until the bank foreclosed on its deed of trust evince an unfair or fraudulent sale. The judicial foreclosure clause in the CC&Rs does not rise to the level of direct misrepresentation necessary to demonstrate fraud or unfairness and does not justify unwinding this foreclosure. At bottom, the provisions in community CC&Rs cannot override state statutes. See, e.g., SFR Invs. Pool 1, LLC v. U.S. Bank, 334 P.3d 742, 757–58 (Nev. 2014) ("Nothing in NRS 116.3116 expressly provides for a waiver of the HOA's right to a priority position for the HOA's super priority lien . . . [t]he mortgage savings clause thus does not affect NRS 116.3116(2)'s application in this case"); Bank of America, N.A. v. Azure Manor/Rancho de Paz Homeowners Ass'n., No. 2:16-cv-0765-GMN-GWF, 2019 WL 636973, at *6 (D. Nev. Feb. 14,

2019) (mortgage protection clauses cannot supersede the provisions of NRS § 116).

However, the Nevada Supreme Court and this Court have recognized that a clause in the CC&R's coupled with an HOA's direct misrepresentation of the safety of senior deeds of trust can render a foreclosure sale unfair. Shadow Canyon, 405 P.3d at 648 n.11 (citing Zyzzx2 v. Dizon, No. 2:13-cv-1307-JCM-PAL, 2016 WL 1181666, at *5 (D. Nev. Mar. 25, 2015) ("irregularities that may rise to the level of fraud include . . . an HOA's representation that the foreclosure sale will not extinguish the first deed of trust")). Zyzzx2 offers similar facts to this case. There, a Court in this district analyzed a non-judicial foreclosure that threatened a Wells Fargo first deed of trust. 2016 WL 1181666, at *1. Like here, Wells Fargo argued that the foreclosure sale was commercially unreasonable in part because of the HOA's CC&Rs. Id. at *5. There, however, the HOA also sent a letter to Wells Fargo and other interested parties confirming that the HOA foreclosure would not affect their deeds of trust. Id. Based on that affirmative misrepresentation, the Court concluded that the HOA's sale was unfair. Id. As a result, the Court granted summary judgment for Wells Fargo and set aside the HOA's foreclosure sale. Id.

Absent here is any direct confirmation from Pacific Sunset to Deutsche Bank that the CC&Rs immunized the bank's deed of trust from extinguishment or non-judicial foreclosure. Direct confirmation of the judicial foreclosure clause between the HOA and other lienholders is necessary to find unfairness because the judicial foreclosure clause on its own is not enough. Azure Manor, 2019 WL 636973, at *6. In fact, the Court that decided Zyzzx2 has since clarified that its holding hinged upon the HOA's representations in its letter to Wells Fargo. Bayview Loan Servicing, LLC v. SFR Invs. Pool 1, LLC, No. 2:14-cv-1875-JCM-GWF, 2017 WL 1100955, at *9 (D. Nev. Mar. 22, 2017) ("Indeed [Zyzzx2] was rendered *in light of the combination* of the mortgage protection clause and the HOA's misleading mailings") (emphasis added).

Deutsche Bank's argument that NAS took the position in other litigation that most tender checks were rejected as insufficient, because NAS had a more inclusive view of what amounts could be included in the superpriority lien is not evidence of unfairness or oppression in this

case. There is no direct evidence in this case, that NAS would have rejected tender. Further, the circumstantial or inferential evidence is not enough to raise a genuine issue of material fact.

Likewise, Deutsche Bank has not shown that the judicial foreclosure clause in the HOA's CC&Rs chilled bidding and depressed the sales price. The bank argues that no rational buyer would pay fair market value for the property because the CC&Rs preserved the existing deed of trust. As a result, the HOA sale could not recover both the HOA's delinquent assessments and the amount necessary to cure the default on the bank's deed of trust. However, Deutsche Bank has not provided evidence that the CC&Rs had any effect on the sales price whatsoever. Accordingly, the Court finds that the judicial foreclosure clause did not render the HOA sale unfair. Relief under Shadow Canyon is denied.[3]

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff Deutsche Bank's Motion for Summary Judgment (#63) is **DENIED**;

IT IS FURTHER ORDERED that Defendants Saticoy Bay, LLC Series 2995 E. Sunset Road Unit 103's and 2995 E. Sunset Rd. Un. 103 Trust's Motion for Summary Judgment (#62) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant/Counterclaimant Saticoy Bay, LLC Series 2995 E. Sunset Road Unit 103 is granted a declaration that title to the Property is vested in it free and clear of all liens and encumbrances, that Plaintiff and other defendants have no estate, right, title, interest, or claim in the property.

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and Counterclaimant and against Plaintiff/Counterdefendant DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the Holders of Harborview 2005-14 Trust.

Dated this 30th day of September, 2019.

Kent J. Dawson
United States District Judge

---

[3] Any issues raised by Plaintiff that were not addressed directly by the Court were found to be unmeritorious.